UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| STEVEN ANDREW CLEM, | § | |
| --- | --- | --- |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-1199-B |
| | § | |
| LADAINIAN AND LATORSHA TOMLINSON, | § | |
| | § | |
| Appellees. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Appellant Steven Andrew Clem's appeal from an interlocutory order of the United States Bankruptcy Court for the Northern District of Texas: *Setting Phase II of the Trial*. R. 4–6.[1] The clerk for the bankruptcy court transmitted the record on appeal to this Court on May 10, 2018. Doc. 1, Transmittal and Certification of Record on Appeal. In the transmission, the bankruptcy clerk notified this Court that the appeal is deficient—and thus not in compliance with Rule 8009 of the Federal Rules of Bankruptcy Procedure—because it was not filed timely. *Id.* In response, Appellant Clem filed his "Notice of Timely Appeal" in this Court arguing that the appeal was in fact timely. Doc. 4, Appellant's Notice of Timely Appeal. After considering the above, the Court finds that this appeal is not timely and therefore **DISMISSES** this appeal.

"Federal Courts must be assured of their subject matter jurisdiction at all times and may question it sua sponte at any stage of judicial proceedings." *Bass v. Denney (In re Bass)*, 171 F.3d

---

[1] The record transmitted from the bankruptcy clerk can be found at Docket Entry 1.

1016, 1021 (5th Cir. 1999). A party must file a notice of appeal in the bankruptcy court within fourteen days after the entry of judgment, order, or decree being appealed. Fed. R. Bankr. P. 8002(a)(1). This rule applies to both final and interlocutory orders. *Stumpf v. McGee (In re O'Connor)*, 258 F.3d 392, 398 (5th Cir. 2001) ("Rule 8002's time limits apply to interlocutory appeals."). Importantly, "when an appeal to the district court is untimely under Rule 8002(a), the district court lacks jurisdiction over the appeal." *Berman–Smith v. Gartley (In re Berman–Smith)*, 737 F.3d 997, 1000 (5th Cir. 2013) (citing *Stangel v. United States (In re Stangel)*, 219 F.3d 498, 500 (5th Cir. 2000)).

Here, Clem's Notice of Appeal was indeed untimely. On March 2, 2018, the Bankruptcy Court entered a two-part order titled: "Order: (1) Setting Phase II of the Trial, and (2) Denying Defendant's Motion to Dismiss Second Amended Objection to Discharge Pursuant to Federal Rules of Civil Procedure 12(b)(6) [DE # 83]." R. 4–6. On May 2, 2018, sixty-one days after the Bankruptcy Court entered its order, Clem filed notice in the Bankruptcy Court that he was appealing the March 2 "*Order Setting Phase II of the Trial.*" R. 1–3.[2] Thus, because Clem filed his Notice of Appeal well outside the fourteen-day deadline, this Court does not have jurisdiction to hear this appeal, and this appeal must be dismissed.

In his "Notice of Timely Appeal" filed in this Court, Clem argues that the "interlocutory order became final and appealable on April 18, 2018 when a final order was entered" in the case. Doc. 4, Notice of Timely Appeal, 1. To support this claim, Clem cites two cases that the Court finds

---

[2] Clem has appealed the second part of the March 2, 2018 Order ("Denying Defendant's Motion to Dismiss") in a related case. *See Clem v. Tomlinson*, 3:18–CV–1198–G (N.D. Tex. filed May 10, 2018) (ECF No. 1). Thus, the scope of this appeal is limited to the first part of the Bankruptcy Court's order.

are inapposite to the issue of whether his appeal is timely. First, Clem cites *In re Aucoin* for the proposition that interlocutory orders can be appealed after a final judgment. *Id.* at 1–2 (citing *Aucoin v. S. Ins. Facilities Liquidating Corp. (In re Aucoin)*, 35 F.3d 167, 169–70 (5th Cir. 1994)). But the Fifth Circuit in that case ruled on its own jurisdiction as a court of appeals—not the jurisdiction of the district court—to review an appeal from an interlocutory bankruptcy court order. *Aucoin*, 35 F.3d at 169. Second, Clem cites *In re Tullius*, a case which also dealt solely with the issue of the courts of appeals' jurisdiction over bankruptcy appeals. *Id.* at 2 (citing *La Tierra Interiors, Inc. v. Wash. Fed. Savs. (In re Tullius)*, 500 F. App'x 286, 290 (5th Cir. 2012)). Neither of these cases has bearing on whether Clem's appeal to this Court was filed timely in the bankruptcy court.

Finally, even if Clem's Notice of Appeal was timely, he did not file leave with this Court. A party may appeal an interlocutory order from a bankruptcy court if she obtains leave of court. 28 U.S.C. § 158(a)(3). The decision to grant an appeal from an interlocutory order "is firmly within the district court's discretion." *Panda Energy Intern., Inc. v. Factory Mut. Ins.*, 2011 WL 610016, at *3 (N.D. Tex. Feb. 14, 2011) (citing *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006)). Because Clem did not seek leave to show why it would be necessary to take this appeal and because there is no apparent reason to do so, this Court would not have granted Clem leave even if it had jurisdiction over the case.

For the reason discussed above, the Court finds that Clem's Notice of Appeal was not filed timely and thus **DISMISSES** this appeal for want of subject matter jurisdiction.

SO ORDERED.

Dated: September 6, 2018.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE